## COX vs. WILSON.

APPEAL from the court of the sixth district.

MATHEWS, J. delivered the opinion of the court. This suit is brought against the defendant, as surviving partner of the community of acquests and gains which existed between her and her late husband, James H. Gordon, to recover a debt contracted by the said James,

The case will be remanded, if the finding of the jury leaves room to doubt.

Cox
*vs.*
WILSON.

during his life time. The petitioner also prays a decree that his claim may be satisfied out of the property and effects belonging to the estate of the husband as administered by the defendant in her capacity of trutress of the minor children, as well as out of her separate property.

The answer sets up a defence. 1st. A remuneration by the wife, of the community of gains. 2d. That the estate of her late husband has been fairly and justly by her administered, for the benefit of all who may be interested in it.

The case was submitted to a jury on special issues, who returned a verdict; upon which the court below gave judgment in favor of the plaintiff, confining his right of recovery to the estate of the late husband; from which he appealed.

The facts submitted to the jury are all found favorably to the widow's privilege of remuneration; except the eighth, on the part of the plaintiff. In the finding of this fact, there is something obscure and unsatisfactory. It is stated to be true, that the defendant did retain certain negroes therein designated; but that she kept them as her own. If they be really her *biens propres* or paraphernal estate, and she

has honestly renounced the community, she has clearly a right to retain them free from pursuit on account of the debts of srid community. But the finding of this fact leaves her right doubtful, as the property is not positively declared to belong to her individually, and as no titles are found. This case is very similar in its situation to that of *Pannel* vs. *Coe, &c. al.* decided at the last term of this court, which was remanded on account of uncertainty in the evidence. *Ante, 355.*

We are of opinion that justice requires the same kind of judgment in the present case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed, and annulled ; and it is further ordered, adjudged, and decreed, that this cause be remanded to the court below for a new trial ; and that the appellant pay costs.

*Baldwin* and *Johnson* for the plaintiff, *Wilson* for the defendant.